```
                  IN THE UNITED STATES BANKRUPTCY COURT

                  FOR THE SOUTHERN DISTRICT OF TEXAS

                            HOUSTON DIVISION

                                       )
IN RE                                  )
                                       )
NORMA J. RIVERA,                       )   CASE NO. 05-49068-H3-7
                                       )
          Debtor,                      )
                                       )
```

MEMORANDUM OPINION

The court has held a hearing on the "Motion to Avoid Lien" (Docket No. 15) filed by the Debtor in the above-captioned case. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Norma J. Rivera ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on October 12, 2005.

In the instant motion, Debtor seeks avoidance of a lien which Debtor states is asserted by Quail Valley Townhouse Corporation, in property located at 2813 Camelot Lane, Missouri City, Texas (the "Quail Valley property").

Debtor testified at the hearing on the instant motion

that Debtor sold the Quail Valley property prior to the filing of the petition in the instant case.

Debtor did not list an interest in the Quail Valley property on her schedule A, and did not claim the Quail Valley property as exempt on her schedule C. Debtor listed a different property as exempt pursuant to Section 522(d)(1) of the Bankruptcy Code.

Quail Valley Townhouse Corporation has not filed a proof of claim in the instant case.

## Conclusions of Law

Section 522(f) of the Bankruptcy Code provides that, as to certain types of lien, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under Section 522(b) of the Bankruptcy Code. 11 U.S.C. § 522(f).

The exemptions available to a debtor are those in effect on the petition date. Matter of Sandoval, 103 F.3d 20 (5th Cir. 1997).

In the instant case, the Debtor's testimony establishes that Debtor had no interest in the Quail Valley property on the petition date. As such, under the plain meaning of Section 522(f) of the Bankruptcy Code, Debtor did not have "an interest of the debtor in property" as to the Quail Valley property, as to

which Debtor could avoid the fixing of a lien.

Based on the foregoing, a separate Judgment will be entered denying the "Motion to Avoid Lien" (Docket No. 15).

Signed at Houston, Texas on September 5, 2006.

_____
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE